# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND<br>103 Oronoco Street<br>Alexandria, VA 22314,<br><br>and<br><br>TRUSTEES OF THE INTERNATIONAL TRAINING FUND<br>103 Oronoco Street<br>Alexandria, VA 22314,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALEX FIGLIOLIA PLUMBING, INC.<br>d/b/a ALEX FIGLIOLIA CONTRACTING CO. INC.<br>420 Carroll Street<br>Brooklyn, New York 11215,<br><br>and<br><br>ALEX FIGLIOLIA, SR.<br>105 Middletown Road<br>Holmdel, New Jersey 07733,<br><br>and<br><br>JANET FIGLIOLIA<br>105 Middletown Road<br>Holmdel, New Jersey 07733,<br><br>and<br><br>ALEX FIGLIOLIA, JR.<br>355 S. End Avenue Building 200<br>New York, New York 10280-1005,<br><br>        Defendants. | Civil Action No. *1:04CV620 (LMB/TRJ)* |



## COMPLAINT

### (TO COMPEL AN AUDIT; FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS; FOR BREACH OF FIDUCIARY DUTY AND TO ENJOIN VIOLATIONS OF THE TERMS OF EMPLOYEE BENEFIT PLANS)

### PARTIES

1. Plaintiffs Trustees of the Plumbers & Pipefitters National Pension Fund (hereinafter the "National Pension Fund") are the trustees of a multiemployer employee pension benefit plan as those terms are defined in Sections 3(2) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(2) and (37). The National Pension Fund is established and maintained by a Restated Agreement and Declaration of Trust and by Collective Bargaining Agreement between the United Association Local Union No. 1 and various employers including the Defendant, Alex Figliolia Plumbing Company, Inc. dba Alex Figliolia Contracting, Inc. (hereinafter "Figliolia"). The National Pension Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2. Plaintiffs Trustees of the International Training Fund (hereinafter the "International Training Fund") are the trustees of a multiemployer employee welfare benefit plan as those terms are defined in Sections 3(1) and 3(37) of the Employee Retirement Income Security Act of 1974, (ERISA), 29 U.S.C. §§ 1002(1) and (37). The International Training Fund is established and maintained by a Restated Trust and by Collective Bargaining Agreement between the United Association Local Union No. 1 and the Defendant, Figliolia. The International Training Fund is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

2

3. Defendant Figliolia is a New York corporation existing under the laws of the State of New York with an office located at 420 Carroll Street, Brooklyn, New York 11215. Defendant Figliolia transacts business in the State of New York as a contractor or subcontractor in the plumbing and pipefitting industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3) and 2(2) of the Labor-Management Relations Act (LMRA), 29 U.S.C. §§ 142(1), (3) and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

4. Alex Figliolia, Sr. (hereinafter "Senior") is the President of Defendant Figliolia and resides in the State of New Jersey at 105 Middletown Road, Holmdel, New Jersey 07733. Upon information and belief, Senior is a fiduciary as to the Plaintiff Funds.

5. Janet Figliolia (hereinafter "Figliolia Ux") is a Vice President of the Defendant Figliolia and resides in the State of New Jersey at 105 Middletown Road, Holmdel, New Jersey 07733. Upon information and belief, Figliolia Ux is a fiduciary as to the Plaintiff Funds.

6. Alex Figliolia, Jr. (hereinafter "Junior") is a Vice President of the Defendant Figliolia and resides in the State of New York at 355 S. End Avenue Building 200, New York, New York 10280-1005. Upon information and belief, Junior is a fiduciary as to the Plaintiff Funds.

## JURISDICTION

7. This Court has jurisdiction of this action under Sections 409, 502 and 515 of ERISA, 29 U.S.C. §§ 1104, 1132 and 1145 and under Section 301 of LMRA, 29 U.S.C. § 185(a).

3

This is an action to compel an audit, an action for breach of Collective Bargaining Agreement between an employer and labor organizations representing employees in an industry affecting commerce, an action to collect contributions due to an employee benefit plans under the terms of the Collective Bargaining Agreement, an action for fiduciary breach and an action to enjoin the violation of the terms of an employee benefit plans.

## COMMON FACTS

8.  Defendant Figliolia is signatory to the Collective Bargaining Agreement with United Association Local Union No. 1 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by the Defendant Figliolia.

9.  Pursuant to the Collective Bargaining Agreement, Defendant Figliolia agreed to pay to the Plaintiff Funds certain sums of money for each hour worked by employees of the Defendant covered by the Collective Bargaining Agreement.

10. Defendant Figliolia employed certain employees covered under the Collective Bargaining Agreement during the period of January 1, 1999 and continuing.

## COUNT I
## TO COMPEL AN AUDIT

11. This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a) (3), (f), (g) and 1145. This is an action to compel an audit of payroll and wage records of the Defendant Figliolia.

12. Pursuant to its Collective Bargaining Agreement with the United Association Local Union No. 1, Defendant Figliolia agreed to be bound by, and to make contributions on behalf

4

of its covered employees in conformity with the Restated Agreements and Declarations of Trust establishing the Plaintiff Funds.

13. Pursuant to the Restated Agreements and Declarations of Trust, the Trustees of the Plaintiff Funds have the authority to conduct an audit of payroll and wage records of the Defendant Figliolia for the purposes of determining the accuracy of contributions to the Plaintiff Funds.

14. Defendant Figliolia has failed to allow an audit of its books and records after receiving written correspondence from the Plaintiff National Pension Fund on January 28, 2004.

15. Plaintiffs consider this a denial of access to all of the company's records that were requested by the Funds' auditor that are necessary to conduct the audit for the period of January 1999 through the present.

16. The Plaintiff Funds' auditor requested these records to determine the correct amounts due to the Plaintiff Funds for the period of January 1999 through the present.

17. Upon information and belief, Defendants Figliolia, Senior, Figliolia Ux and Junior have retained control over plan assets of the Plaintiff Funds and have commingled those assets with their own assets and those of Defendant Figliolia. An audit of the records of Defendants Figliolia, Senior, Figliolia Ux and Junior is necessary to avoid the retention of plan assets of the Plaintiff Funds outside of a trust instrument.

WHEREFORE, Plaintiff Funds prays judgment against Defendant Figliolia as follows:

A. For a Court Order requiring the Defendant Figliolia to allow access by the Funds' Auditor to all its books and records in accordance with the Plaintiff Funds' Restated Agreements and Declarations of Trust for the period of January 1999 through current.

B. That Plaintiffs have judgment against Defendants Figliolia, Senior, Figliolia Ux and Junior for the amount determined as owing by the audit requested in paragraph A, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to Section 29 U.S.C. § 1132(g).

C. That Plaintiffs have judgment against Defendants Figliolia, Senior, Figliolia Ux and Junior for all expenses, including accountant's fees, related to the audit pursuant to the terms of the Restated Agreements and Declarations of Trust.

D. That Plaintiffs have judgment against Defendants Figliolia, Senior, Figliolia Ux and Junior for all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. Section 1132(g).

E. For such further relief as the Court may deem proper and just.

## COUNT II
## CONTRIBUTIONS TO THE PLAINTIFF NATIONAL PENSION FUND

18. Plaintiffs hereby adopt, incorporate and restate paragraphs 1 through 17.

19. Defendant Figliolia has failed to make contributions due to the Plaintiff National Pension Fund for work performed at Defendant Figliolia's request for the months of January 1999 through April 2004 on behalf of members in Local 1's jurisdiction.

6

20. Defendant Figliolia has failed to submit complete reports to the National Pension Fund indicating the amounts owed for the months of January 1999 through April 2004.

21. Pursuant to the terms of the Collective Bargaining Agreement, Defendant Figliolia is obligated to pay these contributions owed to the National Pension Fund.

22. Defendant Figliolia is bound to the Restated Agreement and Declaration of Trust establishing the National Pension Fund.

23. Pursuant to Article VI, Section 5 of the Restated Agreements and Declaration of Trust establishing the National Pension Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> . . . If an Employer has failed to pay the amounts due when such amounts become due and payable, that Employer shall be considered delinquent. The Trustees may assess liquidated damaged against any delinquent employer in the amount of 10% of the amount due if payment is not received by the due date. . . .

24. Pursuant to this provision, Defendant Figliolia is obligated to the National Pension Fund in liquidated damages for late payments for the months of January 1999 through April 2004 in an amount to be determined by audit.

25. Pursuant to this provision, Defendant Figliolia is obligated to the National Pension Fund in liquidated damages for late payments for the months of January 1999 through April 2004 in an amount to be determined by an audit.

WHEREFORE, Plaintiff National Pension Fund prays judgment against Defendant Figliolia as follows:

A. For contributions due for work performed from January 1999 through the present to the Plaintiff Funds, as determined by an audit plus interest assessed at a rate of 12% per annum pursuant to the Trust Agreement on the amount due from the date of delinquency until the date of payment, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. For liquidated damages assessed on late payments for the months of January 1999 through April 2004 to the Plaintiff Funds, as determined by an audit, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C. For contributions to the National Pension Fund which are discovered and/or become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D. For such further relief as the Court may deem appropriate.

## COUNT III
## CONTRIBUTIONS TO THE INTERNATIONAL TRAINING FUND

26. Plaintiffs hereby adopt, incorporate and restate paragraphs 1 through 25.

27. Defendant Figliolia has failed to make contributions due to the International Training Fund for work performed at Defendant Figliolia's request for the months of January 1999 through April 2004 on behalf of members in Local 1's jurisdiction.

28. Defendant Figliolia has failed to submit complete reports to the International Training Fund indicating the amounts owed for the months of January 1999 through April 2004.

29. Pursuant to the terms of the Collective Bargaining Agreement, Defendant Figliolia is obligated to pay these contributions owed to the International Training Fund.

30. Defendant Figliolia is bound to the Restated Trust Agreement establishing the International Training Fund.

31. Pursuant to Article VI, Section 6 of the Restated Trust Agreement establishing the International Training Fund, an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay liquidated damages as follows:

> ... If an Employer does not file a report or make contributions within ten (10) calendar days of the due date, the following, in the discretion of the Trustees, will be added to and become a part of the amount due from the Employer: (1) liquidated damages for each monthly report or payment due in the amount of twenty percent (20%) of the amount due or twenty (20) dollars, whichever is greater...

32. Pursuant to this provision, Defendant Figliolia is obligated to the International Training Fund in liquidated damages for late payments for the months of January 1999 through April 2004 in an amount to be determined by audit.

WHEREFORE, in Count III Plaintiff International Training Fund prays judgment against Defendant Figliolia as follows:

A. For contributions due for work performed from January 1999 through April 2004 to the International Training Fund, as determined by an audit plus interest assessed from the date of delinquency until the date of payment as set forth in the Trust Agreement, costs, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

B. For liquidated damages assessed on late payments for the months of January 1999 through April 2004 to the International Training Fund, as determined by an audit, plus costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

C.  For contributions to the International Training Fund which become due after the filing of this lawsuit and up to the date of judgment, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2) and 28 U.S.C. § 1961.

D.  For such further relief as the Court may deem appropriate.

## COUNT IV
## FIDUCIARY BREACH BY ALEX FIGLIOLIA, SR.

33. Plaintiffs hereby adopt, incorporate and restate paragraphs 1 through 32.

34. The Plaintiffs are multiemployer employee pension and welfare plans as defined by ERISA.

35. Pursuant to Trust Agreements of the Plaintiff Funds, the assets of each Plaintiff Fund include such sums of money as have been or shall be paid to the individual Plaintiff Funds by the Employers as contributions required by collective bargaining agreements or signed stipulations.

36. Section 403 of ERISA requires that the plan assets of an ERISA plan must be held in trust for the benefit of the participants and beneficiaries of the employee benefit plans.

37. Section 3(21) of ERISA defines a person as a fiduciary with respect to plan assets of an employee benefit plan to the extent he or she exercises discretionary control and dominion over the assets of a plan.

38. Upon information and belief, Defendant Senior exercised control of plan assets of the Plaintiff Funds when, as President of Figliolia, he failed to cause Figliolia to remit complete contributions to the Plaintiff Funds, but retained control and exercised discretionary

10

authority over plan assets of the Plaintiff Funds by commingling the plan assets of the Plaintiff Funds with those of Figliolia and/or for his own personal use.

39. By failing to hold the plan assets of the Plaintiff Funds in trust and commingling those plan assets with those of Figliolia and/or for his own personal use, Defendant Senior is a fiduciary with respect to the underreported contributions owed to the Plaintiff Funds and has violated Section 409 of ERISA by breaching his fiduciary duty to hold such plan assets in trust for the sole and exclusive benefit of the participants and beneficiaries of the Plaintiff Funds.

WHEREFORE, Plaintiff Funds prays judgment against Defendant Senior as follows:

A. For a Court Order requiring the Defendant Senior to restore to the Plaintiff Funds all plan assets in his control and possession with interest.

B. That Plaintiffs have judgment against Defendant Senior for the amount determined as plan assets of the Plaintiff Funds by an audit requested by the Plaintiff Funds, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to Section 29 U.S.C. § 1132(g).

C. That Plaintiffs have judgment against Defendant Senior for all expenses, including accountant's fees, related to the audit pursuant to the terms of the Restated Agreements and Declarations of Trust governing the Plaintiff Funds.

D. That Plaintiffs have judgment against Defendant Senior for all contributions and liquidated damages which become due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. Section 1132(g).

E. For such further legal and/or equitable relief as the Court deems necessary.

11

## COUNT V
## FIDUCIARY BREACH BY JANET FIGLIOLIA

40. Plaintiffs hereby adopt, incorporate and restate paragraphs 1 through 39.

41. The Plaintiffs are multiemployer employee pension and welfare benefit plans as defined by ERISA.

42. Pursuant to Trust Agreements of the Plaintiff Funds, the assets of each Plaintiff Fund include such sums of money as have been or shall be paid to the individual Plaintiff Fund by the Employers as contributions required by collective bargaining agreements or signed stipulations.

43. Section 403 of ERISA requires that the plan assets of an ERISA plan must be held in trust for the benefit of the participants and beneficiaries of the employee benefit plans.

44. Section 3(21) of ERISA defines a person as a fiduciary with respect to plan assets of an employee benefit plan to the extent he or she exercises discretionary control and dominion over the assets of a plan.

45. Upon information and belief, Defendant Figliolia Ux exercised control of plan assets of the Plaintiff Funds when, as Vice President of Figliolia, she failed to cause Figliolia to remit complete contributions to the Plaintiff Funds, but retained control and exercised discretionary authority over plan assets of the Plaintiff Funds by commingling the plan assets of the Plaintiff Funds with those of Figliolia and/or for her own personal use.

46. By failing to hold the plan assets of the Plaintiff Funds in trust and commingling those plan assets with those of Figliolia and/or for her own personal use, Defendant Figliolia Ux is a fiduciary with respect to the underreported contributions owed to the Plaintiff

12

Funds and has violated Section 409 of ERISA by breaching her fiduciary duty to hold such plan assets in trust for the sole and exclusive benefit of the participants and beneficiaries of the Plaintiff Funds.

WHEREFORE, Plaintiff Funds prays judgment against Defendant Figliolia Ux as follows:

A. For a Court Order requiring the Defendant Figliolia Ux to restore to the Plaintiff Funds all plan assets in her control and possession with interest.

B. That Plaintiffs have judgment against Defendant Figliolia Ux for the amount determined as plan assets of the Plaintiff Funds by an audit requested by the Plaintiff Funds, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to Section 29 U.S.C. § 1132(g).

C. That Plaintiffs have judgment against Defendant Figliolia Ux for all expenses, including accountant's fees, related to the audit pursuant to the terms of the Restated Agreements and Declarations of Trust governing Plaintiff Funds.

D. That Plaintiffs have judgment against Defendant Figliolia Ux for all contributions and liquidated damages which became due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

E. For such further legal and/or equitable relief as the Court deems necessary.

## COUNT VI
## FIDUCIARY BREACH BY ALEX FIGLIOLIA, JR.

47. Plaintiffs hereby adopt, incorporate and restate in paragraphs 1 through 46.

48. The Plaintiffs are multiemployer pension and welfare benefit plans as defined by ERISA.

49. Pursuant to Trust Agreements of the Plaintiff Funds, the assets of each Plaintiff Fund include such sums of money as have been or shall be paid to the individual Plaintiff Fund by the Employers as contributions required by collective bargaining agreements or signed stipulations.

50. Section 403 of ERISA requires that the plan assets of an ERISA plan must be held in trust for the benefit of the participants and beneficiaries of the employee benefit plan.

51. Section 3(21) of ERISA defines a person as a fiduciary with respect to plan assets of an employee benefit plan to the extent he or she exercises discretionary control and dominion over the assets of a plan.

52. Upon information and belief, Defendant Junior exercised control of plan assets of the Plaintiff Funds when, as Vice President of Figliolia, he failed to cause Figliolia to remit complete contributions to the Plaintiff Funds, but retained control and exercised discretionary authority over plan assets of the Plaintiff Funds by commingling the plan assets of the Plaintiff Funds with those of Figliolia and/or for his own personal use.

53. By failing to hold the plan assets of the Plaintiff Funds in trust and commingling those plan assets with those of Figliolia and/or for his own personal use, Defendant Junior is a fiduciary with respect to the underreported contributions owed to the Plaintiff Funds and has violated Section 409 of ERISA by breaching his fiduciary duty to hold such plan assets in trust for the sole and exclusive benefit of the participants and beneficiaries of the Plaintiff Funds.

WHEREFORE, Plaintiff Funds prays judgment against Defendant Junior as follows:

A. For a Court Order requiring the Defendant Junior to restore to the Plaintiff Funds all plan assets in his control and possession with interest.

B. That Plaintiffs have judgment against Defendant Junior for the amount determined as plan assets of the Plaintiff Funds by an audit requested by the Plaintiff Funds, plus liquidated damages, interest from the date of any delinquency until the date of payment, costs and reasonable attorneys' fees pursuant to Section 29 U.S.C. § 1132(g).

C. That Plaintiffs have judgment against Defendant Junior for all expenses, including accountant's fees, related to the audit pursuant to the terms of the Restated Agreements and Declarations of Trust governing Plaintiff Funds.

D. That Plaintiffs have judgment against Defendant Junior for all contributions and liquidated damages which became due subsequent to the filing of this action through the date of judgment, plus costs, interest, and reasonable attorneys' fees pursuant to 29 U.S.C. § 1132(g).

E. For such further legal and/or equitable relief as the Court deems necessary.

### COUNT VII
### TO ENJOIN VIOLATIONS OF THE TERMS
### OF AN EMPLOYEE BENEFIT PLAN

54. This Court has jurisdiction of this action under §§ 502(a)(3), (f), (g) and 515 of ERISA of 1974, 29 U.S.C. §§ 1132(a) (3), (f), (g) and 1145. This is an action to enjoin violations of the terms of an employee benefit plan.

55. Plaintiffs hereby adopt, incorporate and restate paragraphs 1 through 54.

15

56. Defendant Figliolia, pursuant to the Restated Agreements and Declarations of Trust establishing the Plaintiff Funds agreed to make timely contributions to the Plaintiff Funds in the amounts and on the dates required by its Collective Bargaining Agreement with United Association Local Union No. 1 in order to maintain the plan of benefits provided through the Plaintiff Funds.

57. Defendant Figliolia has repeatedly failed to submit timely reports or contributions to the Plaintiff Funds in violation of the requirements of the aforementioned Restated Agreements and Declarations of Trust of the Plaintiff Funds.

WHEREFORE, in Count VII Plaintiff Funds pray judgment as follows:

A. For a Court Order enjoining violations of the terms of the Plaintiffs employee benefit plans and requiring Defendant Figliolia to submit timely contributions and reports to the Plaintiff Funds.

B. For such further relief as the Court may deem appropriate.

Respectfully submitted,

O'DONOGHUE & O'DONOGHUE, LLP
4748 Wisconsin Avenue, N.W.
Washington, D. C. 20016
(202) 362-0041

By: _____
John R. Harney, VA Bar No. 41520

By: _____
Joseph J. Shelton, VA Bar No. 65920

16

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 26th day of May, 2004 on the following:

Secretary of the Treasury
Internal Revenue Service
P.O. Box 13163
Baltimore, MD 21203

Attention: Employee Plans

Secretary of Labor
200 Constitution Ave., N.W.
Washington, DC 20210

Attention: Assistant Solicitor for
Plan Benefits Security

John R. Harney

116420_1

17